Filed 11/15/22 P. v. Carrera CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID CARRERA,<br><br>    Defendant and Appellant. | C091533<br><br>(Super. Ct. No. 06F00314)<br><br>OPINION ON TRANSFER |

Petitioner David Carrera appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1172.6.[1] Petitioner argues the trial court erred by determining he was ineligible for resentencing as a matter of law based on the jury's felony-murder special-circumstance finding. In an unpublished opinion, we affirmed that

---

[1] Further undesignated statutory references are to the Penal Code. Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) We will refer to section 1172.6 throughout this opinion.

1

decision, holding the special-circumstance finding against petitioner rendered him ineligible for relief as a matter of law. (*People v. Carrera* (July 28, 2021, C091533) [nonpub. opn.].)

On October 19, 2022, the California Supreme Court transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). On October 24, 2022, we ordered our opinion vacated and set a briefing schedule.

Relying on *Strong*, petitioner argues the jury's true finding on the felony-murder special-circumstance allegation rendered prior to the opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 does not render him ineligible for relief under section 1172.6. Petitioner also contends the trial record demonstrates he was not a major participant who acted with reckless indifference to life in the underlying felony. He asks this court to vacate his murder conviction accordingly.

The People concede the special-circumstance finding does not preclude relief under section 1172.6, but argue the matter should be remanded to allow the court to issue an order to show cause and conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3). Having reconsidered the matter, we agree; we will reverse and remand the matter accordingly.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner filed a petition to vacate his first degree murder conviction under section 1172.6. The declaration attached to his petition provided the information "filed against [him] . . . allowed the prosecution to proceed under a theory of felony murder . . . ." Petitioner also declared that following a trial, "[he] was convicted of [first] degree felony murder . . . ." Following the amendments made to sections 188 and 189, he "could not now be convicted because . . . [¶] [he] was not the actual killer.

"[He] did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree.

2

"[He] was not a major participant in the felony **or** [he] did not act with reckless indifference to human life during the course of the crime or felony." Petitioner also requested the appointment of counsel.

The parties filed responsive pleadings and petitioner was represented by counsel. The court then ruled "based on the record of conviction[,] including the opinion by the Third District Court of Appeal in the appeal affirming the judgment."

In its ruling, the trial court found petitioner "was convicted at trial of one count of Penal Code [section] 187[, subdivision] (a) first degree murder, with a Penal Code [section] 190.2[, subdivision] (a)(17) robbery-murder special circumstance true, . . . The jury was instructed with CALCRIM No. 401 on direct aiding and abetting, and a special instruction was given that to convict of murder on an aiding and abetting theory, it must be found that [petitioner] shared the perpetrator's intent . . . [petitioner] was not convicted of murder based on the natural and probable consequences doctrine of aiding and abetting in any manner. The jury was additionally instructed with CALCRIM No. 540A, on the theory of first degree felony-murder based upon robbery or kidnapping, but was also additionally instructed with [CALCRIM] No. 703, on the felony-murder special circumstance that was charged under a theory solely of robbery-murder; the instruction required that the jury find that [petitioner] was either the actual killer, acted with intent to kill, or was a major participant in the robbery with reckless indifference to human life. As the jury unanimously found true, beyond a reasonable doubt, that the robbery-murder special circumstance was true [*sic*], it necessarily concluded that [petitioner] had committed robbery-murder, and that he did so either as the actual killer, with intent to kill, or as a major participant in the robbery with reckless indifference to human life.

"[Petitioner] appealed the judgment to the Third District Court of Appeal, which affirmed the judgment. [Petitioner] did not raise a challenge to the robbery-murder special circumstance on the appeal, but had opportunity to do so. He has also had opportunity since the affirmance on appeal to attempt to challenge the robbery-murder

3

special circumstance in a habeas corpus proceeding, under *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, but does not present any documentary evidence to the court to show that he has done so and obtained relief from the robbery-murder special circumstance finding." (Italics added.)

The trial court found petitioner was ineligible for resentencing because "he could have been, and beyond a reasonable doubt was, convicted of first degree murder based on robbery-murder in which he was either the actual killer, intended to kill, or was a major participant in the robbery who acted with reckless indifference to human life. Penal Code [sections] 187 and 189 still provide for first degree murder based on robbery-murder, when the trier of fact has found beyond a reasonable doubt that the defendant is guilty of robbery-murder and that the defendant either was the actual killer, intended to kill, or was a major participant who acted in the robbery with reckless indifference to human life. [Petitioner]'s jury unanimously found that to be so beyond a reasonable doubt, and it does not appear that that finding has been disturbed in any postconviction proceeding. As such, [petitioner] is ineligible for relief under [section 1172.6]."

DISCUSSION

I

*Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1172.6, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would

4

affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1172.6, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1172.6, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether the petitioner requests appointment of counsel. (§ 1172.6, subd. (b).) Section 1172.6, subdivision (c), which dictates how the court must handle the petition, reads: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an

order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

Section 1172.6, subdivision (d) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing.

## II

### *Prima Facie Showing*

On transfer from the Supreme Court, petitioner maintains the trial court erred in relying on the jury's felony-murder special-circumstance finding to determine he was precluded from relief under Senate Bill No. 1437. Following the Supreme Court's recent opinion in *Strong*, *supra*, 13 Cal.5th 698, the People concede petitioner has made a prima facie case for relief and we accept their concession.

As relevant here, section 190.2, subdivision (d) provides that for the purposes of the special-circumstance allegations based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must, at a minimum, have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); see *People v. Banks*, *supra*, 61 Cal.4th at p. 798.)

In *Strong*, the Supreme Court held "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a [petitioner] from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, *supra*, 13 Cal.5th 698 at p. 710.) Further, our Supreme Court concluded, "*Banks* and *Clark* both substantially clarified the law governing findings under . . . section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless

6

indifference inquiry." (*Strong*, at pp. 706-707.)  The court concluded these two rulings reflected a significant change in the law and justified the denial of giving preclusive effect to jury findings made before this change in law.  (*Id*. at pp. 716-718.)

Under the law that existed at the time of petitioner's conviction, the jury's finding relative to the robbery-murder special-circumstance carried with it a conclusion, at a minimum, that petitioner was a major participant in the crime who acted with reckless disregard for human life.  That finding, however, was made in 2011, well before the Supreme Court's opinions in *Banks* and *Clark*.  Following the opinion in *Strong*, this pre-*Clark*/*Banks* jury finding does not preclude petitioner from establishing a prima facie case for relief under section 1172.6.  (*Strong*, *supra*, 13 Cal.5th at p. 710.)  The People do not, however, limit their concession to the possibility that petitioner *could* establish a prima facie case for relief under section 1172.6, but concede petitioner has made such a case.  We accept their concession.

Having made a prima facie case for relief, petitioner now is entitled to an evidentiary hearing under section 1172.6, subdivision (d)(3).  He is not, as he now contends, entitled to have this court vacate his murder conviction.  We shall, therefore, remand this matter to the trial court with instructions to issue an order to show cause and hold an evidentiary hearing on the petition.

## DISPOSITION

The order denying the petition is reversed.  The case is remanded to the trial court for issuance of an order to show cause and to hold an evidentiary hearing on the petition.


                                       /s/_____
                                       Robie, Acting P. J.


We concur:


/s/_____
Hoch, J.


/s/_____
Renner, J.